IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01282-PAB

TRAVELERS COMMERCIAL INSURANCE COMPANY, a Connecticut Corporation,

    Plaintiff,

v.

SARA HERNANDEZ,

    Defendant.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte*. In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be

dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff Travelers Commercial Insurance Company ("Travelers") asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Docket No. 1 at 4, ¶ 13.  Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  To determine whether the amount in controversy has been met in a case where a plaintiff seeks declaratory relief, courts apply the "either viewpoint rule" and "consider either the value of a judgment from the viewpoint of the plaintiff or the cost from the viewpoint of the defendant of . . . declaratory relief."  *Phelps Oil & Gas, LLC v. Noble Energy Inc.*, 5 F.4th 1122, 1126 (10th Cir. 2021) (citing *Justice v. Atchinson, Topeka and Santa Fe Ry. Co.*, 927 F.2d 503, 505 (10th Cir. 1991)).

The complaint does not provide sufficient information regarding the amount in controversy.  It states that defendant Sara Hernandez claimed injuries and damages as a result of an automobile accident that occurred while she was a passenger in a vehicle that was driven by her husband and owned by her husband's employer.  Docket No. 1 at 1-2, ¶ 1.  The vehicle was insured through EMASCO Insurance Company ("EMASCO").  *Id.* at 1, ¶ 1.  The complaint alleges that the driver of the other vehicle involved in the accident paid Ms. Hernandez $25,000 and that EMASCO paid Ms. Hernandez $185,000 in Uninsured Motorist ("UIM") benefits.  *Id.* at 5, ¶¶ 19-20.  Travelers seeks declaratory judgments that, under Colorado law, "EMASCO's Policy is

primary and Travelers' Policies are excess, and no UIM coverage is available to Defendant for the Accident under Travelers' Policies because Defendant's damages do not exhaust the Tortfeasor's and EMASCO's available coverage of $1,025,000.00." *Id.* at 12, ¶ 42.  However, the complaint does not allege that Ms. Hernandez has made any demand on Travelers for coverage and, if so, in what amount.  Moreover, the complaint does not allege that EMASCO has sought or will seek reimbursement or contribution from Travelers for the amount that it paid to Ms. Hernandez.  Thus, although Travelers claims that "the amount in controversy exceeds the value of $75,000," Docket No. 1 at 4, ¶ 13, the complaint does not contain factual allegations indicating that the amount in controversy exceeds $75,000.  *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (citations and internal quotation marks omitted).

      For the foregoing reasons, it is

      **ORDERED** that, on or before **May 24, 2024**, Travelers shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

      DATED May 17, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge